# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BORENSTEIN, | ) |
| Plaintiff, | ) Case No. 2:16-cv-02937-JCM-CWH |
| vs. | ) **SCREENING ORDER AND REPORT AND RECOMMENDATION** |
| STONEGATE APARTMENTS, | ) |
| Defendant. | ) |

Presently before the court is pro se Plaintiff Brian Borenstein's application to proceed *in forma pauperis* (ECF No. 1), filed on December 19, 2016. Also before the court is Plaintiff's motion to stay eviction (ECF No. 3), filed on January 9, 2017.

## I.   *IN FORMA PAUPERIS* APPLICATION

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

## II.   SCREENING COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's complaint is a single page alleging "unlawful detainer of a disabled person request[ing] reasonable acc[omodations] instead evicted in Stonegate" and demanding to not be evicted and to be "treated like a normal person." Based on the limited factual allegations provided, this does not appear to be an action for unalwful detainer, but rather for unlawful eviction. The court will therefore construe it as such. Attached to the complaint is a separate letter, providing an explanation of the events giving rise to the complaint. The court will construe the letter as part of the complaint. In his letter, Plaintiff asserts that he is disabled, having recently had heart surgery and needing further surgery on his shoulder. He further claims he asked Stonegate Apartments for reasonable accommodations, but he refused and given an "eviction letter 20 min[utes] later." These are the only factual assertions that Plaintiff makes in support of his complaint.

Liberally construing the complaint and cover letter, the court understands Plaintiff to be attempting to bring claims related to an eviction from his apartment at Stonegate Apartments. However, based on the documents provided to Plaintiff, the Court cannot determine whether or not Plaintiff has stated a valid claim for relief. First, Plaintiff does not include any statements of the grounds for the court's jurisdiction, as required by Federal Rule of Civil Procedure 8(a). Without a basis to determine that jurisdiction is proper in federal court, Plaintiff's claim cannot be heard in this court. Moreover, Plaintiff has failed to provide any explanation of what accommodations he

seeks, or under what legal authority he believes he is entitled to such accommodations. Without factual allegations regarding the underlying dispute between Plaintiff and Emerald Suites, the court cannot evaluate whether Plaintiff's complaint states a claim against this party. The court therefore will recommend dismissal of Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case, the defendant's involvement in the case, and the approximate dates of its involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give a defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

The amended complaint also must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Regarding jurisdiction, Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**III.     MOTION TO STAY EVICTION**

Plaintiff's motion to stay the eviction states that he is disabled and requests that the court stay his eviction due violation of his civil rights and his disabled status. He further states that he cannot write well and that he has no help. To the extent Plaintiff requests injunctive relief in the form of an order staying his eviction, the court will recommend that this request be denied without prejudice for Plaintiff to refile the motion after he files an amended complaint.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1    IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

IT IS RECOMMENDED that the complaint (ECF No. 1-1) be DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given a deadline to file an amended complaint.

IT IS FURTHER RECOMMENDED that Plaintiff's motion to stay eviction (ECF No. 3) be DENIED without prejudice.

DATED: July 28, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).